## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| WILLIAM HUBER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 13-cv-1371 |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Respondent. ) | |

## ORDER & OPINION

This matter is before the Court on Petitioner's Motion to Vacate Judgment Pursuant to Fed. R. Civ. P. 60(b) (Doc. 22) and his Motion for Judgment by Default (Doc. 23). For the reasons explained below, Petitioner's Rule 60(b) motion is DENIED in part and DISMISSED in part and his motion for default judgment is DENIED AS MOOT.

### BACKGROUND

On July 29, 2010, the United States charged Petitioner by information with mail fraud (Count One), money laundering (Count Two), and engaging in a prohibited monetary transaction (Count Three). (Information, *United States v. Huber*, No. 10-cr-10088 (C.D. Ill. 2010), Doc. 1). The information describes a scheme by which Petitioner, using a corporation called Hubadex that managed two investment funds and an investment club, fraudulently solicited investments from individuals and did not invest the funds as represented.

Petitioner waived indictment and pleaded guilty without a plea agreement on August 10, 2010. (Minute Entry, Aug. 10, 2010, No. 10-cr-10088). The adopted presentence report showed Petitioner defrauded 190 individuals, resulting in losses of over twenty-three million dollars. (Presentence Investigation Report, No. 10-cr-10088, Doc. 27 at 16). This Court sentenced him to a term of 240 months' imprisonment per count for Counts One and Two, and 120 months' imprisonment on Count Three, all running concurrently. (Judgment, No. 10-cr-10088, Doc. 29).

Petitioner filed an appeal in which he argued both that his plea should be set aside and that the Court improperly calculated his guideline range. *See United States v. Huber*, 455 F. App'x 696 (7th Cir. 2012). The Seventh Circuit dismissed the appeal after concluding that there was no plain error during the plea colloquy that would allow his plea to be set aside, and that Petitioner had waived any challenge to the sentencing guideline calculations by withdrawing his objections to the presentence report during sentencing. *Id.* at 697-98.

Petitioner followed his appeal with a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on August 19, 2013, in which he asserted seven grounds for relief: 1) his sentence was disproportionate to the crimes for which he was convicted in violation of the Eighth Amendment; 2) there were numerous errors during sentencing; 3) the Court failed to inform Petitioner of his right to plead not guilty during the change of plea hearing; 4) the Court plainly erred by accepting a multiplicitous information in violation of the Fifth Amendment; 5) the facts used to enhance his sentence should have been found by a higher evidentiary standard, and not by a preponderance of the evidence; 6) his

counsel was ineffective at both the trial level and on appeal; and 7) his guilty plea was involuntary. (Doc. 1). The Court dismissed Petitioner's third ground for relief – that it erred by failing to specifically inform him of his right to plead not guilty during the plea colloquy – after reviewing the Petition pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Court. (Doc. 4 at 2-3). It denied relief on the remaining claims in an order entered on January 14, 2014, and declined to issue Petitioner a Certificate of Appealability. (Doc. 8). Petitioner then requested a Certificate of Appealability from the Seventh Circuit, which it denied on January 6, 2015. (Doc. 21).

### THE PENDING RULE 60(B) MOTION

Now before the Court is Petitioner's Motion to Vacate Judgment Pursuant to Fed. R. Civ. P. 60(b). In this pending motion, Petitioner raises myriad challenges to his underlying criminal conviction and sentence, and also takes issue with the manner in which the Court resolved certain of his claims for relief in his § 2255 motion.

Petitioner primarily argues that his criminal conviction and sentence are "the result of a void judgment." (Doc. 22 at 6). As he puts it, his criminal proceeding was marred by "numerous, flawed, questionable, and inequitable elements" during the "prosecutorial, pleading, presentencing, and sentencing phases." (*Id*. at 2). Many of the issues that he raises mirror those issues in his § 2255 motion. He argues that his sentence is defective because it is inflated by "retributively pile[ed] on . . . subjective an dubious factors" that took him entirely by surprise and that the

government could not prove beyond a reasonable doubt. (*Id.* at 2-3).[1] He argues that his guilty plea was involuntary, and says that he would have certainly chosen to go to trial if he had known how his sentencing guideline range would be calculated. (*Id.* at 4). He argues that his trial counsel was ineffective at the change of plea stage for failing to advise him of the sentencing risks he faced. (*Id.* at 4-5). He argues that his attorney was ineffective before and during sentencing because his attorney only responded to the Presentence Report in a "passive" and "half-hearted" way, failed to contest certain enhancements in the Presentence Report, and interrupted Petitioner to keep him from objecting on his own. (*Id.* at 5, 8-9).[2] He argues that the Court accepted a multiplicitious information in violation of the Fifth Amendment. (*Id.* at 14-16).[3] He argues that the Court failed to admonish him of his right to plead not guilty. (*Id.* at 19-23).[4] Finally, he argues that the Court denied him access to court both when it permitted his attorney to interrupt him during sentencing and when it did not allow him access to the "Recommendation Section" of the Presentence Report on appeal. (*Id.* at 5).

Petitioner also takes issue with the manner in which the Court decided his § 2255 motion. First, Petitioner criticizes the Court's handling of his claim that his attorney prevented him from voicing objections during the sentencing hearing. (*Id.*

---

[1] These arguments resemble arguments that the Court rejected in denying Petitioner's § 2255 motion – namely his complaints of sentencing errors and his complaint that the Court applied the incorrect standard of proof when determining sentencing enhancements. (*See* Doc. 8 at 7-8, 9-12).

[2] The Court addressed the issue of whether Petitioner's counsel was ineffective during sentencing in its Order denying Petitioner § 2255 relief. (Doc. 8 at 14-16).

[3] The Court also addressed this issue in its Order denying Petitioner § 2255 relief. (Doc. 8 at 8-9).

[4] The Court dismissed this claim after its initial review of Petitioner's § 2255 motion. (Doc. 4 at 3).

4

at 7-8). In his § 2255 motion, Petitioner argued that he intended to say that he disagreed with the Court's calculation of his offense level, but was prevented from voicing this opinion by his attorney. The Court concluded that this claim is "clearly without merit" because it is "flatly contradicted by the transcript" of the sentencing hearing. (Doc. 8 at 14-15). Petitioner argues that the Court overlooked the fact that "[c]ourt reporters . . . are human beings" and are "capable of human error," and points to another transcription error to make the point. (Doc. 22 at 7). Second, Petitioner argues that the Court "overlook[ed], ignor[ed], or fail[ed] to address" the Statute of Limitations arguments that he raised in his supplemental brief. (*Id.* at 9). And finally, he argues that the Court prematurely dismissed his claim that regarding the Court's failure at the change of plea hearing to inform him of his right to plead not guilty. (*Id.* at 1-2).

## DISCUSSION

Petitioners bringing habeas corpus claims may use Rule 60(b) of the Federal Rules of Civil Procedure to challenge "some defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). Under Rule 60(b), a court 'may relieve a party . . . from final judgment, order, or proceeding," for a limited number of reasons, including the one that Petitioner asserts here: "the judgment is void." Fed. R. Civ. P. 60(b)(4). "A void judgment is not synonymous with an erroneous judgment. Even gross errors do not render a judgment void." *O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 951 (7th Cir. 2000). "Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a

5

party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010).

However, Petitioners may not use Rule 60(b) to challenge "the substance of the federal court's resolution of a claim on the merits." *Gonzalez*, 545 U.S. at 532. A Rule 60(b) motion following resolution of a § 2255 motion that challenges the propriety of a criminal conviction or sentence – either by arguing the merits of a new claim for relief or re-arguing already-adjudicated claims – is more accurately characterized as a successive § 2255 motion. *See id.* at 530-32; *United States v. Carraway*, 478 F.3d 845, 848 (7th Cir. 2007) ("[I]t is the substance of the petitioner's motion that controls how his request for relief shall be treated."). These motions are "subject to the requirement that second or successive motions . . . be authorized by the court of appeals." *Carraway*, 478 F.3d at 849; 28 U.S.C. § 2255(h). A district court is without jurisdiction to entertain a second or successive § 2255 motion "[u]nless and until the movant seeks and obtains permission from the court of appeals" to file it. *Id.*

Petitioner's Rule 60(b) motion must be denied. His arguments that the Court improperly dismissed his claim regarding the infirmity of the plea colloquy, that the Court ignored his Statute of Limitations argument, and that the Court improperly considered the transcript of the sentencing hearing arguably challenge the integrity of his habeas proceeding. *See Gonzalez*, 545 U.S. at 532. However, he has not asserted any grounds that would render the Court's judgment void. *United Student Aid Funds*, 559 U.S. at 271. He has not argued that the Court lacked jurisdiction to hear his § 2255 motion. *See id.* Nor has he argued that he was deprived of notice or

the opportunity to be heard during this proceeding. *See id.* At best, Petitioner argues that the Court erred in its consideration of the record and its application of the law. Even if Petitioner's claims were correct, the judgment he challenges would not be void. *O'Rourke Bros.*, 201 F.3d at 951.

Petitioner's other claims challenge the integrity of his criminal conviction and sentence and must be dismissed. Although raised as part of a Rule 60(b) motion, these claims – some perhaps new, others undoubtedly old – are actually requests for relief pursuant to § 2255. *See Gonzalez*, 545 U.S. at 532; *Carraway*, 478 F.3d at 848; *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007). As Petitioner has not received permission from the Seventh Circuit Court of Appeals to file a second or successive § 2255 motion, the Court is without jurisdiction to consider these claims. *Carraway*, 478 F.3d at 849; 28 U.S.C. § 2255(h).

## CONCLUSION

IT IS THEREFORE ORDERED that Petitioner's Motion to Vacate Judgment Pursuant to Fed. R. Civ. P. 60(b) (Doc. 22) is DENIED to the extent that it challenges the integrity of his habeas proceeding, and otherwise DISMISSED for lack of jurisdiction. Further, Petitioner's Motion for Judgment by Default (Doc. 23) is DENIED as MOOT.

Entered this 16th day of June, 2016.

                                                      s/Joe B. McDade
                                                     JOE BILLY McDADE
                                        United States Senior District Judge