E-FILED
Thursday, 21 July, 2016  02:45:29 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| WILLIAM HUBER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.   13-cv-1371 |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Respondent. | ) | |

## <u>ORDER & OPINION</u>

This matter is before the Court on Petitioner's Motion to Reconsider. (Doc. 25). For the reasons explained below, Petitioner's motion is DENIED.

### BACKGROUND

On July 29, 2010, the United States charged Petitioner by information with mail fraud (Count One), money laundering (Count Two), and engaging in a prohibited monetary transaction (Count Three). (Information, *United States v. Huber*, No. 10-cr-10088 (C.D. Ill. 2010), Doc. 1). The information describes a scheme by which Petitioner, using a corporation called Hubadex that managed two investment funds and an investment club, fraudulently solicited investments from individuals and did not invest the funds as represented.

Petitioner waived indictment and pleaded guilty without a plea agreement on August 10, 2010. (Minute Entry, Aug. 10, 2010, No. 10-cr-10088). The adopted presentence report showed Petitioner defrauded 190 individuals, resulting in losses of over twenty-three million dollars. (Presentence Investigation Report, No. 10-cr-

10088, Doc. 27 at 16). This Court sentenced him to a term of 240 months' imprisonment per count for Counts One and Two, and 120 months' imprisonment on Count Three, all running concurrently. (Judgment, No. 10-cr-10088, Doc. 29).

Petitioner filed an appeal in which he argued both that his plea should be set aside and that the Court improperly calculated his guideline range. *See United States v. Huber*, 455 F. App'x 696 (7th Cir. 2012). The Seventh Circuit dismissed the appeal after concluding that there was no plain error during the plea colloquy that would allow his plea to be set aside, and that Petitioner had waived any challenge to the sentencing guideline calculations by withdrawing his objections to the presentence report during sentencing. *Id.* at 697-98.

Petitioner followed his appeal with a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on August 19, 2013, in which he asserted seven grounds for relief. (Doc. 1). The Court dismissed Petitioner's third ground for relief after reviewing the Petition pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Court. (Doc. 4 at 2-3). It denied relief on the remaining claims in an order entered on January 14, 2014, and declined to issue Petitioner a Certificate of Appealability. (Doc. 8). Petitioner then requested a Certificate of Appealability from the Seventh Circuit, which it denied on January 6, 2015.  (Doc. 21).

Petitioner later filed a motion pursuant to Federal Rule of Civil Procedure 60(b) on April 25, 2016. In that motion, Petitioner raised a number of challenges to his underlying criminal conviction and sentence, and also took issue with the manner in which the Court resolved certain of his § 2255 claims. The Court denied this motion

on June 16, 2016. (Doc. 24). It held that it lacked jurisdiction to hear Petitioner's claims challenging his underlying criminal conviction and sentence. (*Id.* at 6). It further held that Petitioner did not articulate any grounds that would render the Court's judgment on his § 2255 petition void. This currently pending motion, in which Petitioner takes issue with the Court's determination that the judgment on the § 2255 petition was not void, followed.

## DISCUSSION

In denying Petitioner's Rule 60(b) motion, the Court held that Petitioner had not shown in his motion that the judgment was void. It explained, "[a] void judgment is not synonymous with an erroneous judgment. Even gross errors do not render a judgment void." *O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 951 (7th Cir. 2000). "Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). The Court denied Petitioner's motion because he did not argue that it lacked jurisdiction to hear his § 2255 motion. *See id.* Further, it held that he did not argue that he was deprived of notice or the opportunity to be heard during this proceeding. *See id.*

In the pending motion, Petitioner argues that he was denied due process because the Court denied him the opportunity for an evidentiary hearing on his § 2255 motion. (Doc. 25 at 2-3). Petitioner's argument is unpersuasive, as he is not entitled to an evidentiary hearing as a matter of due process. "It is well-established that a district court need not grant an evidentiary hearing in all § 2255 cases." *Martin*

3

*v. United States*, 789 F.3d 703, 706 (7th Cir. 2015). "Such a hearing is not required if 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Id.* (citing 28 U.S.C. § 2255). Further, courts need not hold an evidentiary hearing when "the petitioner makes allegations that are vague, conclusory, or palpably incredible, rather than detailed and specific." *Id.* (internal quotation marks and citations omitted). District courts need only grant an evidentiary hearing if a petitioner "alleges facts that, if proven, would entitle him to relief." *Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006).

In this case, the Court provided Petitioner with an opportunity to be heard when it considered his request for an evidentiary hearing.  It concluded that Petitioner was not entitled to an evidentiary hearing because he did not allege facts that would entitle him to relief if proven. (Doc. 8 at 1). Such a denial is not tantamount to a denial of due process. *See Abad v. United States*, No. 09 Civ. 8985, 2014 WL 521541, at *1 (S.D.N.Y. Feb. 6, 2014) (holding that a petitioner is not denied due process when a court declines to hold an evidentiary hearing after concluding that the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief).

Whether the Court improperly denied Petitioner an evidentiary hearing is the sort of error that can be resolved through appellate review for abuse of discretion. *See Martin*, 789 F.3d at 705.  It is not the sort of error that renders a judgment void. *See O'Rourke Bros.*, 201 F.3d at 951.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion to Reconsider (Doc. 25) is DENIED. The Clerk is directed to send Petitioner a copy of the docket in this case along with this order.

Entered this 21st day of July, 2016.

s/Joe B. McDade
_____
JOE BILLY McDADE
United States Senior District Judge
