E-FILED
Friday, 16 September, 2016  01:30:25 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| WILLIAM HUBER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 13-cv-1371 |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Respondent. | ) |

## OPINION & ORDER

The matter before this Court is Petitioner's Notice of Appeal of this Court's June 16, 2016 Opinion & Order denying his Rule 60(b) Motion to Vacate, Set Aside or Correct Sentence. (Doc. 27). The Court construes the Notice of Appeal as a request for a Certificate of Appealability. *See* Fed. R. App. P. 22(b)(1); *see also United States ex rel. Bahler v. Ramos*, No. 09-cv-1194, 2010 WL 1558685, at *1-2 (C.D. Ill. Apr. 19, 2010). For the reasons stated below, the request for a Certificate of Appealability is denied.

### PROCEDURAL HISTORY

On January 14, 2014, this Court dismissed Huber's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2255, rejecting Petitioner's multitude of claims and declining to issue a Certificate of Appealability.[1] (Doc. 8). Petitioner appealed (Doc.

---

[1] This Court had dismissed one of Petitioner's claims during its screening of the complaint on August 23, 2013, pursuant to Rule 4 of the Rules Governing § 2255 Proceedings for the United States District Court. (Doc. 4 at 2-3). The rest of the claims were dismissed in the January 14, 2014 Order. (Doc. 8).

11) and on January 6, 2015, the United States Court of Appeals for the Seventh Circuit denied Petitioner's request for a Certificate of Appealability because there was not a substantial showing of a denial of a constitutional right. (Doc. 21).

On April 25, 2016, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to Fed. R. Civ. P. 60(b) challenging the merits of the ruling on his § 2255 motion. (Doc. 22). On June 16, 2016, this Court denied the motion, because a Rule 60(b) motion that challenges the merits of a § 2255 motion is more accurately characterized as a successive § 2255 motion. *Gonzalez v. Crosby*, 545 U.S. 524, 530-32 (2005); *United States v. Carraway*, 478 F.3d 845, 848 (7th Cir. 2007) (explaining that the substance of a petitioner's motion controls how his request for relief is treated). Because this Court treated the Rule 60(b) motion as a successive § 2255 motion, the Court dismissed it for lack of jurisdiction, because Petitioner had not received permission from the United States Court of Appeals for the Seventh Circuit to file a second or successive § 2255 motion. (Doc. 24 at 6).

Then, on June 27, 2016, Petitioner filed a Motion for Reconsideration of the Court's Order and Opinion on Petitioner's Rule 60(b) Motion. (Doc. 25). Petitioner alleged that the Court denied his due process rights by not granting an evidentiary hearing. (Doc. 25 at 2). On July 21, 2016, this Court denied Petitioner's Motion for Reconsideration because Petitioner was not entitled to an evidentiary hearing. (Doc. 26 at 3-4); *see Martin v. United States*, 789 F.3d 703,706 (7th Cir. 2015) (explaining that it is well-established that district courts are not required to hold evidentiary hearings in all § 2255 cases). Furthermore, the Court articulated to Petitioner that a failure to hold an evidentiary hearing is not the sort of error that would render a

judgment void. *O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.* 201 F.3d 948, 951 (7th Cir. 2000). On August 1, 2016, Petitioner filed a Notice of Appeal of the Court's denial of his Rule 60(b) Motion and the Court's denial of his Motion for Reconsideration with the United States Court of Appeals for the Seventh Circuit. (Doc. 27). On September 15, 2016, the Court received notice from the Respondent that the Seventh Circuit was suspending briefing because they had not yet received a Certificate of Appealability from this Court for the denial of Petitioner's Rule 60(b) Motion.

### CERTIFICATE OF APPEALABILITY

Petitioners wishing to appeal the denial of a Rule 60(b) motion to vacate a § 2255 decision must have a certificate of appealability. *West v. Schneiter*, 485 F.3d 393, 394 (7th Cir. 2007). A certificate is required because "petitioner's filing that seeks vindication of such a claim is, if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be 'inconsistent with' the statute." *Gonzalez*, 545 U.S. at 530-31 (citing 28 U.S.C. § 2254 Rule 11). Therefore, courts will treat a Rule 60(b) motion as a habeas petition if it brings forth one or more claims that assert a new ground for relief or attack the previous federal court resolution on its merits. *Id.* at 532. Petitioner's Motion does just that: it attacked the merits of the resolution of the original § 2255. (Doc. 22). Therefore, it must be treated as a successive § 2255. This Court has treated it as such and dismissed it for lack of jurisdiction. (Doc. 24).

Because the Rule 60(b) motion is treated like a habeas petition, it is subject to requirements of 28 U.S.C. § 2253(c), which requires a certificate of appealability before it may be appealed. The Petitioner requested a Certificate of Appealability by

3

filing a notice of appeal. *West*, 485 F.3d at 394. A certificate of appealability may only be issued when the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). This has been interpreted to mean that a Petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A petitioner need not show that the appeal will succeed, but he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Miller-El v. Cockrell*, 537 U.S. 322, 337-38 (2003) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). If the district court denies the request, a petitioner may request that the circuit judge issue the Certificate. Fed. R. App. P. 22(b)(1).

A notice of appeal will often struggle to meet the statutory standard for certificate of appealability, because it does not give reasons, or make a substantial showing, to the Court to grant the certificate. *West*, 485 F.3d at 395. This case is no different. In his Notice of Appeal, which serves as Petitioner's request for a Certificate of Appealability, Petitioner has made no argument that the Court's decision denying his Rule 60(b) Motion was debatable or incorrect. Moreover, the Court has reviewed its Opinion & Order and finds no basis for determination that the decision was debatable or incorrect. The Court does not find that a reasonable jurist would find the Court's assessment debatable or wrong.

IT IS THEREFORE ORDERED that the Petitioner's Notice of Appeal, construed as a request for a Certificate of Appealability (Doc. 27), is DENIED.

Entered this _16th_ day of September, 2016.

                                                   s/ Joe B. McDade
                                                   JOE BILLY McDADE
                                    United States Senior District Judge